ONOMEA SUGAR COMPANY *v.* JAMES M. MUIR,
ASSESSOR FOR THE THIRD TAXATION DIVI-
SION, TERRITORY OF HAWAII.

No. 1861.

ARGUED FEBRUARY 25, 1929.          DECIDED MARCH 18, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

The Onomea Sugar Company brought an action in
the circuit court against James M. Muir, tax assessor
for the third taxation division (County of Hawaii), for
the recovery of taxes paid under protest. The action is
based on the contention that the levy under which these
taxes were paid was without authority of law and there-
fore void. The amount sued for was $67,050.70, which
represented the taxes paid, for the first half of the year
1927, under a levy, imposed by the assessor of 1.2 per
cent of the assessed value of the plaintiff's property. At
the trial the plaintiff agreed to forego all of its claim
except the sum of $3,535.20. The circuit court, trying

the case without a jury, decided in favor of the plaintiff and entered judgment accordingly. The defendant brings the case here on writ of error.

As we view the case there are two questions presented for our determination, first, whether the assessor had any authority under the law to levy a tax, for the year 1927, of one per cent on the plaintiff's property, and, second, if he had such authority, did he also have authority to levy an additional tax, for the year 1927, of two-tenths of one per cent?

The assessor claims to have derived his authority to levy the tax of one per cent from Act 226, L. 1927, and to have derived his authority to levy the additional tax of two-tenths of one per cent from section 1315, R. L. 1925, as amended by Act 101, L. 1925. Act 226 is as follows:

"An Act Directing the Assessor of the Third Taxation Division, for the Year 1927, to Increase the Tax Rate of That Division for the Purpose Enumerated in Subdivision 1, Section 1315, Revised Laws of Hawaii 1925, so as to Provide Additional Revenues. ·

"Be it Enacted by the Legislature of the Territory of Hawaii:

"Section 1. The assessor of the third taxation division shall, in the year 1927, increase the tax of that division for the purpose enumerated in subdivision 1, Section 1315 of the Revised Laws of Hawaii 1925, to one per cent (1%). * * *"

Subdivision 1, section 1315, R. L. 1925, referred to in the Act, relates to county current expenses. We do not understand that the plaintiff attacks Act 226 upon any lack of legislative power to pass it or upon any irregularity attending its passage. Its attack is upon the *tax levy* that was made in pursuance of the Act and not upon the Act itself. In this · respect its contention is that certain indispensable statutory prerequisites to a valid tax levy for subdivision 1 were disregarded by the board

of supervisors of the County of Hawaii and therefore the levy of one per cent, for the year 1927, was void. The statutory requirements referred to are embodied in section 1315, R. L. 1925, and are as follows: "For subdivisions 1, 2 and 3, above, the respective amounts shall be estimated by the respective boards of supervisors of the various counties and the city and county, as soon as practicable after the first day of December in each year, for the twelve months' period commencing on the first day of January of the following calendar year, the respective boards shall approve these estimates by resolution adopted in the manner provided by law relating to resolutions involving the expenditures of public money, and transmit the estimates to the territorial treasurer and the assessor of the taxation division in which such county or city and county is included." It is conceded by the assessor that, so far as the tax rate of one per cent provided by Act 226 is concerned, the foregoing provisions were not complied with. He contends, however, that this omission had no effect whatever upon the validity of the tax levy now under consideration. Two reasons are given for this contention, the first being that the provisions referred to are in any event directory merely and not mandatory and therefore it is discretionary with boards of supervisors whether they are complied with or not. With this reason we do not agree. Under a purely permissive statute, such as section 1315, which authorizes but does not command the levy of a specific tax rate, leaving the rate (not exceeding the maximum) to be determined upon estimates made by the board of supervisors, the provisions of section 1315, prescribing the procedure to be followed by the board in making its estimates, are mandatory and cannot be lawfully disregarded. These provisions are obviously for the benefit and protection

of the taxpayers and they are entitled to have them com-
plied with.

The second reason given is that Act 226 is mandatory
and that under it nothing was required to be done but to
levy and collect the tax provided for by it. We think
this reason is sound. The Act clearly commands the
assessor to levy a tax of one per cent. This is the equiva-
lent of a legislative ascertainment that such a tax was
necessary to provide sufficient revenues for the current
expenses of the County of Hawaii for the year 1927. There
was therefore no necessity for an estimate by the board
of supervisors. The estimate was made by the legislature.

The additional tax of two-tenths of one per cent,
levied by the assessor, presents for our determination the
remaining question to which we have referred. This levy
was made to provide for county permanent improvements
(subdivision 2, section 1315). If it is sustainable at all
it must be on the assumption that there was legislative
authority for the imposition of a total tax rate in the
County of Hawaii for subdivisions 1 and 2 (current ex-
penses and permanent improvements), for the year 1927,
of one per cent plus two-tenths of one per cent. We have
just seen that the authority to levy a tax rate of one
per cent for current expenses was derived from Act 226.
From what source, then, did the assessor get his authority
to levy an additional tax of two-tenths of one per cent
for permanent improvements? It is his contention that
the authority was conferred by section 1315, as amended
by Act 101, L. 1925, and that the tax of one per cent
directed by Act 226 to be levied for current expenses was
intended by the legislature to be in addition to the tax
of two-tenths of one per cent that was leviable, under
section 1315 as amended, for permanent improvements.
Section 1315 limited the total tax rate for current ex-
penses and permanent improvements in all the counties

(except the City and County of Honolulu) to one per cent and provided that a rate not to exceed seven-tenths of the one per cent authorized might be levied for current expenses, thus leaving a possible three-tenths for permanent improvements. By Act 101, L. 1925, this section was amended so as to authorize the levy, for current expenses, of a rate not to exceed eight-tenths of said one per cent, thus leaving a possible two-tenths for permanent improvements. On its face Act 226 gives no intimation of a legislative intent to enlarge the tax limit fixed for current expenses and permanent improvements. Under section 1315 as amended the assessor had no authority to levy, for current expenses, a rate of more than eight-tenths of the one per cent tax limit. The only intent disclosed by the text of Act 226 is the intent to remove this restriction upon the assessor's authority and to direct him to levy, for current expenses, the entire tax limit of one per cent.

It is contended by the assessor that the intent of the legislature to increase the tax rate for current expenses and permanent improvements, for the County of Hawaii, from one per cent to 1.2 per cent is shown by the house and senate journals. We have examined these journals with great care and have reached the conclusion that they do not support the assessor's contention. It appears from the house journal that on March 9, 1927, house bill No. 220 was introduced in the house of representatives. As finally passed by the house it purported to amend section 1315, as that section had been amended by Act 101, L. 1925, by authorizing the County of Hawaii, for the years 1927 and 1928, to levy a total tax of 1.2 per cent for current expenses and permanent improvements. This was an increase of the total tax rate authorized by section 1315 from one per cent to 1.2 per cent. When the bill reached the senate the ways and means committee, to which it had been referred, reported adversely on it and made the

following significant comment: "This bill seeks to amend the section referred to in its title so as to allow the tax rate for the County of Hawaii for the years 1927 and 1928 for county current expenses and permanent improvements to be higher than 1% the rate set for the other counties, but not to exceed 1.2%. Your committee is of the opinion that this mode of procedure to produce more revenue for the County of Hawaii is not correct, as it tends to break the uniformity of the law so far as the several counties are concerned. The County of Hawaii is endeavoring to live within its present income, but is unable to do so, though its budget is pared down to mere necessities. Your committee suggests that the officials and the leading citizens of the county should combine in an effort to get the properties, both real and personal, in the county, properly assessed for taxation purposes, so that more revenue may be derived for the needs of the county. Your committee has in mind the conditions existing in the County of Hawaii so far as its finances are concerned, and so has had a bill prepared to meet the intent expressed in this bill; it therefore recommends that this bill be tabled."

There were two kinds of uniformity provided by section 1315. One was uniformity as to the tax rate that should be levied for current expenses and permanent improvements. No county could levy a tax of more than one per cent for both these purposes. There was also uniformity as to the maximum percentage of the total rate that could be levied for current expenses. No county could, for this purpose, levy a greater percentage than eight-tenths of one per cent. Within this maximum no uniformity was prescribed. Each county, so long as it kept within the maximum, could apportion the tax rate of one per cent to suit its own requirements. For instance, Kauai could levy a rate of four-tenths of one

per cent for current expenses and the remainder for permanent improvements and Maui could do just the reverse. By passing Act 226 the senate showed its willingness to depart, so far as the County of Hawaii was concerned, from the uniformity provided for the maximum levy for current expenses, but was unwilling to depart from it so far as the total rate for current expenses and permanent improvements was concerned. This uniformity it intended to preserve. The report of the ways and means committee was therefore adopted by the senate and the house bill was tabled. There was then introduced in the senate senate bill No. 260. This bill was referred to the ways and means committee, was favorably reported and was duly passed by the senate. It was then sent to the house of representatives and was referred to the finance committee of that body. The finance committee reported that "this bill seeks to authorize the tax assessors of the third taxation division (Island of Hawaii) to increase the tax rate in the year 1927 to 1% for county current expenses, in lieu of the present limit of a total of 1% for both current expenses and permanent improvements. This house has already passed a measure authorizing the levying of a maximum tax rate, for the years 1927 and 1928, for the third taxation division of 1.2% to include both general and permanent fund disbursements, which rate is 2/10 of 1% over the present maximum now allowed, which measure we are given to understand will not pass in the senate. With the consent of the introducer of the house bill on this same subject, we are prepared to recommend that senate bill No. 260 pass." The bill was passed and thus became Act 226.

It is plain that the original intention of the house was, so far as the County of Hawaii was concerned, to increase the tax levy for current expenses and permanent improvements, for a limited period, from one per cent

to 1.2 per cent. It is equally plain that the senate refused to agree to the increase and passed a bill of its own which merely increased the percentage of the tax rate the County of Hawaii could levy for current expenses and that the house finally concurred in the senate's action. We therefore find no authority either in Act 226 itself or in the house and senate journals for holding that the legislature intended to authorize the increase contended for by the assessor.

It is claimed by the assessor that for a long time it had been the custom of the County of Hawaii to levy a tax of two-tenths of one per cent for permanent improvements and that the legislature knew of this custom when Act 226 was passed. It is argued from these facts that in the absence of a clear declaration to the contrary the legislature must have intended that the County of Hawaii should be permitted to continue to make this levy notwithstanding the levy of the one per cent directed by Act 226 to be made for current expenses. Assuming the facts to be correctly stated, in view of the contrary intention which is so unmistakably disclosed by Act 226 itself and the reports of the senate and house committees, this argument of the assessor cannot be sustained.

For the foregoing reasons the judgment of the circuit court is sustained.

*C. N. Tavares,* Second Deputy Attorney General ( also on the briefs), for plaintiff in error.

*L. J. Warren* (*Smith, Warren, Stanley & Vitousek, Robertson & Castle* and *H. Edmondson* on the brief) for defendant in error.